**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-466

KEVIN CHACON,
JOEL THOMAS,
CHRIST ANGELOS,
BRAYDEN BUCHOLZ,
CHRISTOPHER CARTWRIGHT,
and PAUL KENWORTHY,

individuals, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

KNIGHT SECURITY AND PATROL INC., a Colorado corporation,

and

RYAN M. KNIGHT, an individual,

Defendants.

---

## COMPLAINT

---

Plaintiffs, on behalf of themselves and all other similarly situated, by and through undersigned counsel, hereby complain as follows:

## NATURE OF THE ACTION

1.     This action is brought on behalf of all security officers, and individuals currently holding or having previously held comparable positions with different titles (collectively, "Security Officers") employed by Defendants Knight Security and Patrol, Inc ("Knight

Security"), and/or Ryan M. Knight ("Knight") within the state of Colorado within the last three years.

2.      Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the applicable Colorado Minimum Wage Order ("CMWO"), 7 Colo. Code Regs. §1103-1, by failing to pay Security Officers compensation for (i) all hours worked at their regular rates of pay, (ii) overtime hours at the overtime rates of pay, and (iii) all hours while they were engaged to wait and required to be immediately available for work at any time, 24 hours a day, 7 days per week.

3.      Plaintiffs also allege that Defendants violated the Colorado Wage Protection Act ("CWPA"), Colo. Rev. Stat. §§ 8-4-109, by failing to pay Security Officers all earned wages immediately upon termination.

4.      Plaintiffs also bring individual and class claims under Internal Revenue Code 29 U.S.C. § 7434 ("IRC") based on Defendants' willful filing of fraudulent tax information.

5.      Finally, Plaintiffs allege that Defendants unjustly enriched themselves by failing to pay them regular and overtime compensation, and final pay, as required by law, and by unlawfully failing to withhold and pay applicable federal and state income taxes on their compensation.

## JURISDICTION AND VENUE

6.      Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     Jurisdiction over Plaintiffs' IRC claims is based upon 29 U.S.C. § 7434 and 28 U.S.C. § 1331.

8.     Jurisdiction over Plaintiffs' state law claims is based upon 28 U.S.C. § 1367 because they are so related to their FLSA and IRC claims that they form part of the same case or controversy.

9.     Defendants are subject to personal jurisdiction in Colorado because they conduct substantial business in this state and the acts and omissions alleged herein occurred in this state.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

11.    Plaintiffs were, at all relevant times, adult individuals residing in Colorado Springs, Colorado.

12.    Plaintiffs were employed by Defendants in Colorado Springs, Colorado as Security Officers.

13.    Knight Security and Patrol Inc., is a Colorado corporation. It was incorporated on April 17, 2012.  Knight is its registered agent.

14.    Knight is the self-styled Chief Executive Officer, Owner, and President of Knight Security.  Knight refers to himself, and is referred to by Knight Security employees, as "Chief Knight".

15.     At all times material hereto, Defendants exclusively held and exercised all authority to (a) hire and fire employees of Defendant Knight Security; (b) determine the work schedules for the employees of Defendant Knight Security; and (c) control the finances and operations of Defendant Knight Security.

16.     At all times relevant to the Complaint, Defendants were employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

17.     At all times relevant to the Complaint, Knight Security was/is an enterprise with annual gross volume of business in excess of $500,000 and was engaged in interstate commerce.

### General Allegations

18.     Plaintiffs incorporate all prior paragraphs and incorporates them herein.

19.     Knight Security provides private security and related services to businesses, the majority consisting of residential apartment complexes.

20.     Upon information and belief, Knight Security previously and currently employs a total at least thirty-five (35) individuals as Security Officers. Defendants directed them to perform duties at various business locations throughout Colorado Springs and other nearby locales.

21.     Defendants employed Plaintiff Chacon as a Security Officer from on or about December 2015 to January 9, 2017.

22.     During the latter period of his employment, Plaintiff Chacon held the title of "Captain/Patrol Manager".  However, this title merely created the illusion of authority, because Chacon did not directly supervise any other employee, did not have the

authority to hire or fire other employees, and did not exercise discretion and independent judgment with respect to matters of significance.

23.     Defendants employed Plaintiff Thomas as a Security Officer from on or about February 2016 to January 9, 2017.

24.     During the latter period of his employment, Plaintiff Thomas held the title of "General Manager".  However, this title merely created the illusion of authority, because Thomas did not directly supervise any other employee, did not have the authority to hire or fire other employees, and did not exercise discretion and independent judgment with respect to matters of significance.

25.     Defendants employed Plaintiff Angelos as a Security Officer from on or about August 2014 to February 5, 2017.

26.     During the latter period of his employment, Plaintiff Angelos held the title of "Vice President".  However, this title merely created the illusion of authority, because Thomas did not directly supervise any other employee, did not have the authority to hire or fire other employees, and did not exercise discretion and independent judgment with respect to matters of significance.  This title also did not signify that Angelos was an officer of the corporation, which he was not.

27.     Defendants employed Plaintiff Buchholz as a Security Officer from on or about April 6, 2016 to September 29, 2016.

28.     Defendants employed Plaintiff Cartwright as a Security Officer from on or about July 18, 2015 to March 23, 2016.

29.     Defendants employed Plaintiff Kenworthy as a Security Officer from on or about January 2016 to on or about August 2016.

30.     Defendants paid Plaintiffs an hourly rate, either $9, $10, or $11 per hour.

31.     During the latter periods of their employment, as described in paragraphs 22 to 26 above, Defendants paid Plaintiffs Chacon, Thomas, and Angelos a bi-weekly "salary".

32.     However, Plaintiffs Chacon, Thomas, and Angelos did not perform duties that qualify for any white-collar exemption from overtime under the FLSA.  29 U.S.C. § 213(a)(1).  They did not qualify for the executive exemption, because they did not manage the enterprise, customarily and regularly direct the work of at least two or more other full-time employees or their equivalent, and did not have the authority to hire and fire other employees.  29 C.F.R. § 541.100.  They did not qualify for the administrative exemption, because they did not exercise discretion and independent judgment with respect to matters of significance.  29 C.F.R. § 541.200.

33.     Similarly, all other Plaintiffs, including all other Security Officers employed by Defendants, did not perform any duties that qualify for any exemption from overtime under the FLSA.

34.     Defendants employed but did not pay Plaintiffs any compensation for a period of several weeks of "training" at the beginning of their employment.  During this period, Plaintiffs worked full-time, performing duties for Defendants as directed and supervised by Knight.

35.     Defendants misclassified all Security Officers as independent contractors and did not withhold from or pay any payroll taxes on their compensation.  Defendants provided some or all Security Officers with an IRS Form 1099-MISC.  Defendants did not provide any Security Officers with an IRS Form W-2.

36.     Defendants did and do not provide the Security Officers with a pay stub or other document containing any information about hours worked, regular rates of pay, gross wages earned, tax withholdings made, and net amounts paid each pay period.

37.     Defendants did and do not maintain accurate and sufficient time and pay records of its employees' work, including for Plaintiffs and other Security Officers.

38.     Upon information and belief, Defendants did not report Plaintiffs' employment to its workers compensation insurance provider, or otherwise maintain workers compensation insurance coverage for all of the Plaintiffs and other Security Officers as required by law.

39.     Plaintiffs and other Security Officers regularly work(ed) periods in excess of forty (40) hours in a workweek, and/or twelve (12) hours in a single workday.

40.     Defendants did not pay any Security Officers at the overtime rate for hours worked over 40 in a workweek, and/or over 12 in a single workday.

41.     Defendants frequently required Security Officers to travel to work locations outside of the Colorado Springs area.  Defendants did not pay any compensation to any Security Officers for the time required to travel to and from these locations.

42.     Throughout their employment by Defendants, Plaintiffs were required to report to Knight Security's "office" approximately thirty (30) minutes before the beginning of each

shift.  During this period, Defendants provided instruction, training, and direction to Plaintiffs.  Defendants did not record, and did not pay Plaintiffs any compensation, for this time.

43.     Throughout their employment by Defendants, Plaintiffs were required to report to Knight Security's "office" for meetings after the end of each shift.  These meetings were between one and two hours in duration.  During these periods, Defendants required Plaintiffs to provide information about events that occurred during their security patrol duties, and to complete and update related reports.  Defendants also used these periods to provide further information, training, and direction to Plaintiffs.  Defendants did not record, and did not pay Plaintiffs any compensation, for this time.

44.     Defendants require(d) Plaintiffs and all other Security Officers to be available to respond to work immediately, in uniform and with all required equipment, at all times and on all days, 24 hours per day, 7 days per week. Knight repeatedly told Plaintiffs that they were "on call 24/7", and threatened to fire them if they did not fully comply.

45.     Throughout their employment by Defendants, Plaintiffs frequently work(ed) through their meal periods and/or took meal periods that were shorter than 30 minutes. At all relevant times, Defendants were aware of this.

46.     Throughout their employment by Defendants, Plaintiffs did not and/or were not able or permitted to take breaks of at least 10 minutes every 4 hours. At all relevant times, Defendants were aware of this.

47.     Examples of the control Defendants exercised over Plaintiffs include the following:

a.  Defendants established and set the schedule and hours that Plaintiffs were required to work;

b.  Defendants established and set the locations at which Plaintiffs were required to work;

c.  Defendants prohibited Plaintiffs from working for any other security company, or directly for any business entity to which Knight Security provides services; and

d.  Defendants created and adopted personnel policies that Plaintiffs were expected to follow.

48. Defendants withheld and refused to pay all earned wages to Plaintiffs and other Security Officers upon termination of their employment.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

49. Plaintiffs incorporate all prior paragraphs and incorporates them herein.

50. Plaintiffs seek to prosecute their FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendants as Security Officers in the United States at any time in the last three (3) years to the entry of judgment in this case and to whom Defendants failed to pay:

a.  compensation at the proper regular rate of pay for all hours the Security Officers worked;

b. overtime at the proper regular rate of pay for all hours the Security Officers worked in excess of 12 hours in a single day, and/or 40 hours in a workweek; and

c. compensation for all hours when Security Officers were engaged to wait and required to be immediately available for work immediately at any time, 24 hours a day, 7 days a week;

d. compensation for all hours when Security Officers were required to travel to and from work locations outside of the Colorado Springs area.

(hereinafter the "FLSA Collective Action Class")

51.     Plaintiffs will fairly and adequately protect the interests of the members of the FLSA Collective Action Class and have retained counsel who is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiffs have no interest contrary to or in conflict with the members of this collective action.

52.     The members of the FLSA Collective Action Class are similarly situated because, among other things, they were all victims of the same employer-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ALLEGATIONS – Federal IRC and Colorado State Law Claims

53.     Plaintiffs incorporate all prior paragraphs and incorporates them herein.

54.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure.

55.     Plaintiffs bring their federal IRC claims on behalf of all persons who were employed by Defendants in the State of Colorado at any time in the last six (6) years, and regarding whom Defendants willfully filed a fraudulent information return with respect to compensation paid to them ("Tax Fraud Class").

56.     Plaintiffs bring their Colorado state law (CWPA, CMWO, and unjust enrichment) claims on behalf of all persons who were employed by Defendants in the State of Colorado at any time in the last three (3) years to the entry of judgment in this case who held the position of Security Guard and who Defendants:

    a.      failed to pay any compensation for all hours worked ("Colorado Regular Pay Class"); and/or

    b.      failed to pay overtime at the proper regular rate of pay ("Colorado Overtime Pay Class"); and/or

    c.      failed to pay any compensation for all hours when Security Officers were engaged to wait and required to be immediately available for work immediately at any time, 24 hours a day, 7 days a week ("Colorado On-Call Time Class"); and/or

    d.      failed to pay all unpaid earned wages immediately upon termination of employment ("Colorado Final Pay Class"); and/or

    e.      failed to keep true and accurate records of all hours worked, regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period, and to provide an itemized statement of this information

to each employee each pay period ("Colorado Pay Records Class");
and/or

f.      failed to provide at least a 30-minute uncompensated meal period
        ("Colorado Meal Period Class"); and/or

g.      failed to provide paid 10-minute breaks at least every four (4) hours
        ("Colorado Break Time Class").

(collectively the "Colorado Classes").

57.     The members of the Tax Fraud Class and the Colorado Classes are so
numerous that joinder of them is impracticable. Although the precise number of such
persons is unknown, and the facts on which the calculation of that number of presently
within the sole control of Defendants, upon information and belief, there are at least 50
members of the Tax Fraud Class and the Colorado Classes.

58.     Plaintiffs' claims are typical of the claims of the members of the Tax Fraud Class
and the Colorado Classes. Plaintiffs performed the same job as the members of the
both Classes; Defendants paid Plaintiffs and the members of both Classes pursuant to
the same policies and procedures; and Plaintiffs and the members of both Classes
were victims of the same wrongful conduct by Defendants in violation of the IRC,
CWPA, and CMWO.

59.     The class action mechanism is superior to any alternatives which might exist for
the fair and efficient adjudication of this cause of action. Proceeding as a class action
would permit the large number of injured parties to prosecute their common claims in a
single forum simultaneously, efficiently, and without unnecessary duplication of

evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against Defendants in this matter. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and repeatedly decide the same issues relating to Defendants' conduct.

60. Defendants have acted or refused to act on grounds generally applicable to the Tax Fraud and Colorado Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the both Classes as a whole.

61. Plaintiffs are committed to pursuing this action and have retained competent counsel who is experienced in wage and hour law and class action litigation.

62. Plaintiffs will fairly and adequately protect the interests of, and have no interest contrary to or in conflict with, the members of either or both Classes.

63. There are questions of law and fact common to the Tax Fraud and Colorado Classes which predominate over any questions solely affecting the individual members of either or both Classes, including but not limited to:

    a.    Whether Defendants willfully filed fraudulent information returns with respect to Defendants' payments to members of the Tax Fraud Class;

    b.    whether Defendants employed the members of the Colorado Classes within the meaning of the CWPA and the CMWO;

    c.    whether Defendant's policies and practices described within this Complaint are illegal under the CWPA and the CMWO;

c.	whether Defendants failed and/or refused to pay the members of the Colorado Classes for all regular hours worked at their proper rates of pay;

d.	whether Defendants engaged the members of the Colorado Classes to wait and required them to be immediately available for work at any time, 24 hours a day, 7 days a week, and failed and/or refused to pay them any compensation for such work time;

e.	whether Defendants failed and/or refused to pay the members of the Colorado Classes for hours worked in excess of forty (40) hours per workweek and/or twelve (12) hours in a single workday within the meaning of the CMWO;

f.	what proof of hours worked is sufficient where Defendants failed in their duty to maintain time records; and

g.	whether Defendants are liable for all damages claimed hereunder.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION vs. Knight Security

64.	Plaintiffs incorporate all prior paragraphs and incorporates them herein.

65.	Knight Security has been and is engaged in interstate commerce within the meaning of the FLSA.

66.	Knight Security employed and/or employs each of the members of the FLSA Collective Action Class within the meaning of the FLSA.

67.	Knight Security had and has gross revenues in excess of $500,000.

68.     Plaintiffs each consent in writing to be a party to this action, pursuant to

29 U.S.C. § 216(b). A copy of the Plaintiffs' written consents is attached as Exhibit 1.

69.     Knight Security had and has a policy and practice of failing to permit or ensure

that Security Officers took at least a 30-minute meal period during which they were fully

relieved of all duties. As a result, Knight Security failed to pay additional wages for

these periods.

70.     Knight Security had and has a policy and practice of failing to permit or ensure

that Security Officers took at least one 10-minute break for every 4 hours of work,

during which they were fully relieved of all duties. As a result, Knight Security failed to

pay additional wages for these periods.

71.     Knight Security had and has a policy and practice of requiring Security Officers

to be available for work immediately at any time, 24 hours a day, 7 days a week.

72.     Knight Security had and has a policy and practice of failing to pay Security

Officers for the time required to travel to and from work locations outside of the

Colorado Springs area.

73.     Knight Security had and has a policy and practice of failing to pay Security

Officers compensation for all hours worked at their proper regular rates of pay.

74.     Knight Security had and has a policy and practice of failing to pay Security

Officers overtime compensation at the proper rate of pay for all hours worked in excess

of forty (40) hours per workweek and/or twelve (12) hours in a single workday.

75. Upon information and belief, Knight Security failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

76. The foregoing conduct, as alleged, constitute willful violations of the FLSA within the meaning 29 U.S.C. § 255(a).

77. Due to Knight Security's FLSA violations, Plaintiffs, on behalf of themselves and the FLSA Collective Action Members, are entitled to recover from Knight Security all unpaid regular and overtime compensation, plus actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION vs. Knight

78. Plaintiffs incorporate all prior paragraphs and incorporates them herein.

79. As "CEO/Owner/President" of Knight Security, Knight had and has direct responsibility for the day-to-day business of Knight Security, including supervising employee work schedules, controlling employee conditions of employment, determining the rate and method of payment of employees, and maintaining employment records.

80. Knight had and has authority to hire and fire Knight Security employees.

81. Knight thereby acted directly and indirectly in the interest of Knight Security as an employer, in relation to the Plaintiffs and other Security Officers as employees. Knight is thus an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

82. As an employer, Knight willfully violated the FLSA through the policies and practices of Knight Security described above.

83. Due to Knight's FLSA violations, Plaintiffs, on behalf of themselves and the FLSA Collective Action Members, are entitled to recover from Knight personally all unpaid regular and overtime compensation, plus actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF
## INTERNAL REVENUE CODE – CLASS ACTION

84. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

85. Section 7434 of the Internal Revenue Code provides "[i]f any person willfully files a fraudulent information return with respect to payment purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return" 26 U.S.C §7434(a).

86. 26 U.C.C. § 7434(f) provides that the term "information return" means any statement described in 26 U.S.C. § 6724(d)(1)(A).

87. A Form 1099-MISC is an information return pursuant 26 U.S.C §6724(d)(1)(A)(i).

88. Defendants filed a fraudulent Form 1099-MISC with respect to payments purportedly made to Plaintiffs as independent contractors.

89. Defendants' fraudulent filing of Forms 1099-MISC regarding payments purportedly made to Plaintiffs was willful, because Defendants knew that Plaintiffs were employees and not independent contractors.

90.     Based on Defendants willful and fraudulent filing of Plaintiffs' Form 1099-MISC, they are liable to Plaintiffs in an amount equal to the greater of $5,000 or the sum of any actual damages sustained by each and every Plaintiff as a result of such filing, the costs of this action, and reasonable attorneys' fees. 26 U.S.C. § 7434(b).

### FOURTH CLAIM FOR RELIEF
### COLORADO WAGE PROTECTION ACT – CLASS ACTION

91.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

92.     Defendants willfully violated Colo. Rev. Stat. § 8-4-109(1) by failing to timely pay Plaintiffs and members of the Colorado Classes their final pay upon their separation from employment.

### FIFTH CLAIM FOR RELIEF
### COLORADO MINIMUM WAGE ORDER – CLASS ACTION

93.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

94.     Defendants willfully violated the applicable CMWO, 7 Colo. Code Regs § 1103-1, paragraph 2, by engaging Plaintiffs and members of the Colorado Classes to wait and requiring them to be immediately available for work at any time, 24 hours a day, 7 days a week, and by failing and/or refusing to pay them any compensation for such work time.

95.     Defendants willfully violated the applicable CMWO, 7 Colo. Code Regs § 1103-1, paragraph 7, by failing and/or refusing to provide Plaintiffs and members of the Colorado Classes with an uninterrupted and "duty free" meal period of at least thirty minutes for all scheduled work shifts that exceeded five consecutive hours of work.

96.     Defendants willfully violated the applicable CMWO, 7 Colo. Code Regs

§ 1103-1, paragraph 8, by failing and/or refusing to authorize and permit Plaintiffs and members of the Colorado Classes to take rest periods of 10 minutes for each four (4) hour work period.

97.     Defendants willfully violated the applicable CMWO, 7 Colo. Code Regs § 1103-1, paragraph 12, by failing and/or refusing to keep and provide true and accurate employment and pay records for Plaintiffs and the members of the Colorado Classes.

98.     As a result of Defendants' nonpayment of compensation to Plaintiffs for all regular hours worked, and overtime as applicable, and also the meal and rest period violations described above, Plaintiffs received less than the legal minimum wage.

99.     Plaintiffs are entitled to recover the unpaid balance of the full amount of such minimum wage, together with reasonable attorney fees and court costs, pursuant to Colo. Rev. Stat. § 8-6-118.

**SIXTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT – CLASS ACTION**

100.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

101.    Defendants failed to timely pay Plaintiffs and members of the Colorado Classes their final pay (earned wages) upon their separation from employment.

102.    Defendants thereby unjustly enriched themselves by not paying these amounts of earned wages.

103.    Because of Defendants' unjust enrichment of themselves, Plaintiffs were damaged by the amounts of their earned wages that Defendants did not pay them.

104.     Defendants also failed to withhold amounts from Plaintiffs' wages to pay applicable Federal Insurance Contributions Act (FICA) taxes, and failed to forward such amounts to the Internal Revenue Service.

105.     Defendants also failed to pay the employer's portion of the applicable Federal Insurance Contributions Act (FICA) taxes, and failed to pay such amounts to the Internal Revenue Service.

106.     Defendants also failed to pay Colorado unemployment taxes on part or all of Plaintiffs' wages.

107.     Defendants thereby unjustly enriched themselves by avoiding these federal and state tax payments.

108.     Because of Defendants' unjust enrichment of themselves, Plaintiffs were damaged by the amounts that Defendants failed to pay to the Internal Revenue Service for contribution to their Social Security retirement benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all other members of the FLSA Collective Action Class, the Tax Fraud Class, and the Colorado Classes, respectfully request that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the members of the FLSA Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C.§ 216(b) to all similarly situated members of the FLSA Collective Action Class, apprising them of the pendency of this action, permitting

them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.       Certification of Plaintiffs' federal IRC and Colorado state law (CWPA, CMWO, and unjust enrichment) claims as a Class Action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and prompt issuance of notice to class members pursuant to Rule 23(c)(2).

c.       A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the IRC, the CWPA, and the CMWO;

d.       An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the FLSA, the IRC, the CWPA, and the CMWO;

e.       An award of regular compensation due under the FLSA, the CWPA, and the CMWO;

f.       An award of overtime compensation due under the FLSA, the CWPA, and the CMWO;

g.       An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay regular and overtime compensation pursuant to 29 U.S.C. § 216;

h.       An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

i.       Judgment against Defendants for willful and fraudulent filing of Plaintiffs' Form 1099s;

j.      An award equal to the greater of $5,000 or the sum of any actual damages sustained by each Plaintiff and each Tax Fraud Class member as a result of such filing, the costs of this action, and reasonable attorneys' fees.

k.      An award of pre-judgment and post-judgment interest;

l.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.      Such other and further relief as this Court deems just and proper.


Respectfully submitted this  21st day of February, 2017.

/s/ Gary M. Kramer
Gary M. Kramer
1465 Kelly Johnson Blvd, Suite 210
Colorado Springs, CO  80920
Tel:  719-694-2783
Fax:  719-452-3622
Email:  gary@garykramerlaw.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2017, I electronically filed the foregoing Complaint with the Clerk of the Court using the Court's CM/ECF system.

/s/ Gary M. Kramer
Gary M. Kramer