IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-03086-PAB-KLM

JESSE R. GRAY,
JONATHAN VEATCH, and
DANIELLE COCHRAN, individuals, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

KNIGHT SECURITY AND PATROL, INC., a Colorado corporation, and
RYAN M. KNIGHT, an individual,

    Defendants.

---

# ORDER

---

This matter is before the Court on the parties' Joint Motion to Consolidate [Docket No. 39]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

The parties move the Court to consolidate this case with *Chacon et al. v. Knight Security and Patrol, Inc., et al.*, Case No. 17-cv-00466-RM-MJW. Docket No. 39 at 1. Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." FED. R. CIV. P. 42(a)(2). Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. D.C.COLO.LCivR 42.1. This is the case with the lowest case number.

The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574

F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2nd ed. 1995)). Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

In each of the cases that the parties seek to consolidate, plaintiffs allege that Ryan Knight and Knight Security and Patrol violated the Fair Labor Standards Act and the Colorado Minimum Wage Order. Docket No. 1 at 10-15, ¶¶ 50-85; *Chacon*, No. 17-cv-00466-RM-MJW, Docket No. 1 at 14-20, ¶¶ 64-108. Because the two cases involve identical allegations against the same defendants, the Court finds that there will be common questions of law and fact between the two cases.

For the foregoing reasons, it is

**ORDERED** that the parties' Joint Motion to Consolidate [Docket No. 39] is granted. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Case Nos. 16-cv-03806-PAB-KLM and 17-cv-00466-RM-MJW shall be consolidated for all matters. It is further

**ORDERED** that the Clerk of the Court shall assign No. 17-cv-00466 to Magistrate Judge Kristen L. Mix. It is further

2

**ORDERED** that all future pleadings and other filings shall be filed in this case only and shall be captioned as shown below:

---

Civil Action No. 16-cv-03806-PAB-KLM
    (Consolidated with Civil Action No. 17-cv-00466-PAB-KLM)

---

Civil Action No. 16-cv-03086-PAB-KLM

JESSE R. GRAY,
JONATHAN VEATCH, and
DANIELLE COCHRAN, individuals, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

KNIGHT SECURITY AND PATROL, INC., a Colorado corporation, and
RYAN M. KNIGHT, an individual,

    Defendants.

---

Civil Action No. 17-cv-00466-PAB-KLM

KEVIN CHACON,
JOEL THOMAS,
CHRIST C. ANGELOS,
BRAYDEN BUCHHOLZ,
CHRISTOPHER CARTWRIGHT, and
PAUL KENWORTHY, individuals, on behalf of themselves and all others similarly situated,

    Plaintiffs,
v.

KNIGHT SECURITY AND PATROL, INC., a Colorado corporation, and
RYAN M. KNIGHT, an individual,

    Defendants.

---

DATED November 1, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge